effect of exhaustion requirements.[8] I know of no case barring Congress from so dictating, and Judge Birch does not cite any. Indeed, quite to the contrary, Judge Birch cites cases establishing that both our abstention and exhaustion doctrines are prudential. *See ante*, at 1274. If none of these dictates by itself goes beyond Congress's power to determine the jurisdiction of federal courts, I know of no doctrine that could convert their aggregation into a separation-of-powers violation.

Theresa Marie Schindler SCHIAVO, incapacitated ex rel., Robert SCHINDLER and Mary Schindler, her parents and next friends, Plaintiff–Appellant,

v.

Michael SCHIAVO, as guardian of the person of Theresa Marie Schindler Schiavo, incapacitated, Judge George W. Greer, The Hospice of the Florida Suncoast, Inc., Defendants–Appellees.

No. 05–11628.

United States Court of Appeals, Eleventh Circuit.

March 30, 2005.

David C. Gibbs, III, Gibbs Law Firm, P.A., Seminole, FL, for Plaintiff–Appellant.

Randall C. Marshall, Am. Civ. Liberties Union of FL, ACLU Found. of FL, Inc., Miami, FL, Rebecca H. Steele, ACLU

dictional," he concedes as he must that "there exists an exception to *Rooker–Feldman* when a federal statute authorizes federal appellate review of final state court decisions." *See ante*, at 1272 n. 3. That is because *Rooker* did not establish a constitutional (or even prudential) bar to federal review of final state court decisions; instead, it recognized a statutory bar to such review. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) ("Under the *legislation* of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. Judicial Çode, § 237, as amended by Act Sept. 6, 1916, c. 448, § 2, 39 Stat. 726 (Comp.St. § 1214). To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original." (emphasis added)); *cf. Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n. 3, 122 S.Ct. 1753, 1759, 152 L.Ed.2d 871 (2002) ("The *Rooker–Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see § 1257(a). The doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency."). Thus, it was completely within Congress's power to make an exception to the general rule regarding the power of the district courts to review final state court decisions, and it is clear from the face of the statute that Congress intended to do so. Judge Birch does not explain why, under these circumstances, it is of any moment whether Congress provided such an exception in the body of the Americans with Disabilities Act or the Rehabilitation Act of 1973.

8. Congress's authority over exhaustion requirements was recognized in *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 513, 102 S.Ct. 2557, 2566, 73 L.Ed.2d 172 (1982) ("[P]olicy considerations alone cannot justify *judicially imposed* exhaustion unless exhaustion is consistent with congressional intent." (emphasis added)).

Found. of FL, Inc., Tampa, FL, George James Felos, Felos & Felos, Dunedin, FL, for Defendants–Appellees.

Before CARNES, HULL and WILSON, Circuit Judges.

ORDER:

The petition for rehearing, to the extent it requests a rehearing by the panel, and the motion for an injunction pending appeal, are DENIED.

WILSON, Circuit Judge, dissenting:

I dissent.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elvis Fredy CAMACHO–IBARQUEN, a.k.a. Albert Carbonell, a.k.a. Carlos Vega, a.k.a. Daniel Canales, a.k.a. Alberto Contrara, a.k.a. Freddy Sanchez, Defendant–Appellant.**

**No. 04–11155**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 30, 2005.